IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01623-REB-MJW

SUZANNE KENNEDY, on behalf of herself and all others similarly situated,

    Plaintiff(s),

v.

THE COCA-COLA COMPANY,
GERBER PRODUCTS COMPANY,
HAIN CELESTIAL GROUP, INC., and
MOTT'S INC.,

    Defendant(s).

---

## DOCUMENT PRODUCTION PROTOCOL
## ( Docket No. 40-2 )

1.     **Definitions and Scope.** The following protocol shall control the production of discoverable documents and electronically stored information (collectively, "Documents"), if and when production commences. As used in this protocol, the term Document(s) shall have the same meaning as used in the Federal Rules of Civil Procedure and case law construing same. Unless otherwise set forth herein, issues concerning the production of Documents shall be resolved with reference to the Federal Rules of Civil Procedure and case law construing those rules. The terms of any Protective Order entered in this action shall remain in full force and effect and nothing contained herein is to be construed as a modification of the terms of any such order(s). The term "Requesting Party" shall mean the Party seeking production of Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P. 34(a).

"Producing Party" shall mean the Party producing Documents in response to any request for production of documents pursuant to Fed. R. Civ. P. 34(a).

2. <u>Commencement of Production</u>. Production of Documents shall commence following the entry of a Protective Order governing the treatment of confidential information. Such production shall proceed, thereafter, at such time, place, and in such sequence as may be agreed to by the Producing Party and the Requesting Party. In the event agreement cannot be reached, the Producing Party and the Requesting Party shall submit their respective positions to the Court, and the Court will issue further orders concerning the productions, as necessary.

3. <u>General Format of Production</u>. Subject to the provisions of paragraph 4, Documents that are produced in these proceedings, whether originally stored in paper or electronic form, shall be produced in electronic image form in the manner as described below. Notwithstanding the foregoing provisions of this paragraph, the Parties reserve the right to request that an alternative format or method of production be used for certain Documents, if such Document is not susceptible to production in the format or methods of production addressed herein. In that event, the Requesting Party and the Producing Party will meet and confer to discuss alternative production requirements, concerns, formats, or methods.

4. <u>Production Format</u>. Documents shall be produced according to the following formats:

    a. <u>Paper Documents.</u> Documents that are maintained in paper format shall be scanned as black and white images at 300 d.p.i. or greater resolution, in a Group 4 compression single-page Tagged Image File

Format ("TIFFs" or ".tiff format") and reflect the full and complete information contained in the original Document. Documents shall also be produced with the associated Optical Character Recognition ("OCR"), provided, however, that no Producing Party shall be required to ensure that the OCR is an exact duplicate of the contents of the TIFF image.

b.  <u>Electronically Stored Information</u>.  Except as provided in Paragraph 10 below, Document images shall be generated from electronic Documents in a Group 4 compression single-page "TIFF" image that reflects the full and complete information contained on the original document, together with a load file or functional equivalent that contains the metadata as set forth in paragraph 8 and extracted text. In the event, a Document is redacted, the Producing Party shall withhold the extracted text for that Document. The failure to withhold extracted text for a redacted document by a Producing Party shall not be deemed a waiver of the privilege associated with that Document.

c.  <u>Load Files</u>. The Producing Party shall produce a unitization file ("load file") in Summation (".dii") or Concordance (".dat") format.

d.  <u>Resolution of Production Issues</u>. The Parties shall meet and confer to the extent reasonably necessary to address issues within the Producing Party's control regarding the import and use of the produced materials with commercially available document management or litigation support software as listed above. Documents that cannot be read because of imaging or formatting problems shall be promptly identified within an

exceptions index by the Requesting Party, which lists the Document and reason(s) for the exception ("Exceptions Index"). The Producing Party and the Requesting Party shall meet and confer to attempt to resolve the issues raised in connection with the Documents contained on the Exceptions Index, to the extent the exceptions are within the Parties' control.

e.  Native Format Documents. "Native Format Documents" (or "Native Format") are defined as electronic Documents that have an associated file structure defined by the creating application. Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain Documents to be produced in Native Format. The Producing Party shall have the option to produce those certain types of Documents in Native Format. The Requesting Party may request that the Producing Party produce those types of electronic Documents in Native Format where the converted image format distorts or causes the information to be improperly displayed. Prior to producing any Protected Information as defined in the Protective Order entered herein in Native Format, the Producing Party and the Requesting Party shall meet and confer to establish additional procedures, to the extent necessary, for the protection of the information in Native Format.

f.  Color. Documents shall be produced in black and white in the first instance. If a produced Document contains color and that color is necessary to decipher the meaning, context, or content of the document,

the Producing Party shall honor reasonable requests for either the production of the original Document for inspection and copying or production of a color image of the Document.

g.     <u>Production Media</u>.  A Producing Party shall produce Documents on a CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the Producing Party and the Requesting Party may hereafter agree upon (the "Production Media").  Information that shall be identified on the face of the Production Media shall include: (1) the case title and number, (2) the Producing Party's name, (3) the production date, and (4) the confidentiality notation required by the Protective Order entered in this case, if the media contains Protected Material, as defined in the Protective Order.  The Production Media shall be labeled with the Bates Number range(s) of the Documents on the Production Media, unless it is not practicable to so include this information on the label, in which case the Bates Number range(s) may be provided in an accompanying letter.  If the Producing Party encrypts or "locks" the production, the Producing Party shall provide an explanation of how to decrypt the files.

h.     <u>Document Unitization</u>.  When scanning paper documents into Document Images as described in paragraph 4(a), they shall be unitized in a manner so as to maintain the document(s) and any attachments, as they existed in their original state.  For electronic documents, the relationship of documents in a document collection (e.g., cover letter and enclosures,

e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process from native format to TIFF, provided however, that the Parties shall only be required to present one level of parent child relationship. Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail. All hard copy documents imaged and produced electronically shall include a unitization file ("load file") in accordance with paragraph 4(c).

  i. <u>Paper Documents Containing Affixed Notes</u>. Paper Documents that contain affixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned both affixed and separately.

 5. <u>Duplicates</u>. A Producing Party who has more than one identical copy of an electronic document (*i.e.*, the documents are actual duplicates), the Producing Party need only produce a single copy of that document. Duplicates shall be determined using either the MD5 or SHA1 values. A Producing Party need not produce the same electronically stored information in more than one form. A Producing Party may de-duplicate its production across the entire production, or by custodian, at its sole discretion. Furthermore, the parties are not required to produce multiple instances of an

electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from Document(s) or their related metadata to be produced pursuant to this Protocol. Where a subsequent electronic mail message contains all of the portions of an earlier message produced pursuant to this Protocol, it is not necessary for a Producing Party to produce the earlier message in addition to the subsequent inclusive message. If the subsequent inclusive message does not include an attachment to an earlier message, the attachment must also be produced pursuant to this Protocol, in addition to the subsequent inclusive message.

      6.    Bates Numbering. Each Producing Party shall Bates number its production(s) as follows:

          a.    <u>Document Images</u>. Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. The Bates Number shall contain a four letter prefix associated with and unique to the Producing Party's name followed by 7 numbers (*e.g.* ABCD0000001). The Bates Number shall not have any spaces or symbols. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, and the Bates Number identified above. The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

b.  <u>Native Format Documents</u>.  In order to preserve the integrity of Native Format Documents, no Bates Number, confidentiality legend or internal tracking number should be added to the content of the Native Document.  Instead, the first page of the Native Format Document may be electronically imaged as described in paragraph 4(a) or a placeholder in .tiff format.  This Document Image will be the Native Document's "Index Page".  The Index Page shall contain the original filename of the document, MD5 or SHA1 hash value for the document(s), a single Bates number in the format described in subparagraph 6(a) above to be used for the Native Format Document, a confidentiality legend identifying each Native Format Document as Attorneys' Eyes Only as described in paragraph 6(a).  Until such time as the Producing Party and the Requesting Party meet and confer and address procedures for maintaining the confidentiality of Native Format Documents(s) as required in Paragraph 4(e) above all Native Format files shall remain designated as "Attorneys' Eyes Only" as set forth in the Protective Order.

7. File Naming Conventions.

a.  <u>Document Images</u>.  Each Document Image shall be named with the unique Bates Number for each page of document, as set forth in Paragraph 6 above.

   b. <u>Native Format Documents</u>. Native Format Documents shall have the same file name as the Document had on the date of this Order. The Index Page as described by Paragraph 6(b) shall contain this filename. The file name as described herein may be appended with the Bates Number of the corresponding Index Page.

 8. <u>Meta-Data</u>. The Producing Party shall produce the meta-data information described below with each production and in the form described in Paragraph 4(b) above. The Producing Party will produce the meta-data described below to the extent that it is readily accessible, and without making any representation that the meta-data stored in its systems is accurate or complete. For images generated from native electronic documents, a Producing Party shall produce with each production the following fields:

   a. Custodian;

   b. Document title; (subject line for e-mails);

   c. Sender/Author;

   d. Attachment(s);

   e. Parent/Children Bates Range;

   f. Document date (date sent for e-mails; latest chronologically date saved for electronic documents);

   g. Date created (date the document was created)

   h. Date modified (date the document was last modified)

   i. Recipients (all "to"s) for e-mail;

   j. Copyees (all "cc"s) for e-mail;

   k. Blind copyees (all "bcc"s) for e-mail;

   l. Reply and/or forward date(s) (all dates e-mails replied to or forwarded) for e-mail;

   m. Reply and/or forward recipients (all "to"s, "cc"s and "bcc"s) for e-mail;

   n. Starting Bates (beginning Bates number);

   o. Ending Bates (ending Bates number);

   p. MD5 or SHA1 hash values for Native Format Documents;

   q. Confidentiality designation, if applicable; and

   r. Notation of Redaction presence, if applicable.

  9. <u>Search Terms</u>. The Requesting Party and the Producing Party shall meet and confer regarding search terms to be used to identify electronic documents for possible production. The Requesting Party and the Producing Party will also meet and confer regarding search terms to be used to identify electronic documents as potentially privileged. Some documents that are identified for production using search terms and that are not identified as potentially privileged may be produced without human review. If such production results in the inadvertent disclosure of Discovery Materials subject to work product immunity or attorney-client privilege, those materials shall be returned to the Producing Party upon request and in accordance with the terms of the Protective Order. During the course of the litigation, the Requesting Party and the Producing Party may modify the search terms by agreement. An initial list of search terms shall be agreed upon no later than thirty days following service of requests for the production of documents upon Defendants. If no agreement is reached within the time stated herein the Parties will submit their disputed terms to the Court for final determination.

10. <u>Use of Documents</u>. When documents produced in accordance with this Order are used in any proceeding herein, including depositions, hearings, or trial, the documents as described in paragraph 3 shall be the copy used. The OCR and/or extracted text shall not be used in any proceeding as a substitute for the image of any document.

11. <u>Privilege Logs</u>. The Producing Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. When there is a chain of privileged e-mails, the Producing Party need only include one entry on the privilege log for the entire e-mail chain, and need not log each e-mail contained in the chain separately. The parties anticipate that production may occur on a rolling basis. The Producing Party will provide rolling privilege logs for rolling productions. The Producing Party will use its best efforts to complete a privilege log within 30 days after the production of documents from which a document or material was excluded because of the assertion of privilege.

12. <u>Service of Documents, Data and Privilege Logs</u>. Discovery propounded pursuant to Fed. R. Civ. P. 26 *et seq.*, and any written responses and/or objections thereto shall be served via electronic mail to the undersigned counsel for the Parties. Notwithstanding the foregoing, only one copy of the Document productions shall be served on Patrick J. Sheehan on behalf of the Plaintiff or James M. Schurz on behalf of the Defendants, at the addresses below, as applicable.

13. <u>Discovery and Admissibility</u>. Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data or the time in which any response to a discovery request is due under the Federal Rules of Civil Procedure or

an order of the Court. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the proper times.

14. The Parties shall meet and confer upon any dispute arising out of the implementation of this Protocol. In the event that the Parties are unable to reach agreement the Court shall render such further rulings as it deems appropriate.

DATED this 7th day of December, 2010.

BY THE COURT:

*[signature]*

United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED AND AGREED:

  /s/ Patrick J. Sheehan

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr.
Patrick J. Sheehan
1540 Broadway, 37th Floor
New York, NY 10036
Telephone:   (212) 447-7070
Facsimile:    (212) 447-7077
Email: jwhatley@wdklaw.com

HOWARD RUBINSTEIN ATTORNEY AT LAW
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
Telephone: (832) 715-2788
Email: howardr@pdq.net

EMERSON POYNTER LLP
John G. Emerson
830 Apollo Lane
Houston, Texas 77058-2610
Telephone: (281) 488-8854
Email: jemerson@emersonpoynter.com

EMERSON POYNTER LLP
Scott E. Poynter
The Museum Center
500 President Clinton Ave, Suite 305
Little Rock, AR 72201
Telephone: (501) 907-2555
Email: scott@emersonpoynter.com

JIGARJIAN LAW OFFICE
Robert A. Jigarjian
28 Tunstead Avenue
San Anselmo, CA 94960
Telephone: (415) 341-6660
Email: jigarjianlaw@gmail.com

Counsel for Plaintiff


____/s/ Michèle B. Corash_____

Michèle B. Corash
James M. Schurz
William F. Tarantino
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: MCorash@mofo.com

Lila M. Bateman
Morrison & Foerster LLP
370 17th Street, Suite 5200
Denver, CO 80202
Telephone: (303) 592-2203
Facsimile: (303) 592-1510
Email: LBateman@mofo.com

Counsel for Defendants The Coca-Cola Company, Gerber Products Company, Hain Celestial Group, Inc., and Mott's LLP