UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LEAD CONTAMINATED FRUIT JUICE PRODUCTS
MARKETING AND SALES PRACTICES LITIGATION     MDL No. 2231

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in four of the actions pending before the Panel have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. This litigation currently consists of five actions listed on Schedule A and pending in five districts, one action each in the Central District of California, the Southern District of California, the District of Colorado, the Southern District of Florida, and the District of Massachusetts.[1] Responding defendants[2] support the motion.

After reviewing the argument of counsel, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that juice and fruit products sold by defendants contain unacceptable levels of lead. Factual issues concerning the levels of lead in these products and testing performed by the Environmental Law Foundation and the U.S. Food and Drug Administration will be pivotal to all actions. Centralization will eliminate duplicative discovery and conserve the resources of the parties, their counsel, and the judiciary.

The agreement of the responding parties on the questions of centralization and transferee district is laudable, but does not make centralization a foregone conclusion. In this instance, plaintiffs in four of the five pending actions are represented by common counsel, as are all defendants, and it appears that discovery efforts could be coordinated informally without the need for centralization. On the other hand, the proposed classes in some of these actions overlap, and defendants claim they will file similar motions to dismiss in most of the related actions. Therefore, on balance, we are persuaded that centralization in this instance is warranted, because it will avoid inconsistent rulings

---

[*]     Judge John G. Heyburn II took no part in the decision of this matter.

[1]     The parties have notified the Panel that an additional related action is pending in the Northern District of California. This action is a potential tag-along action. *See* Rule 7.1, R.P.J.P.M.L.

[2]     Gerber Products Company; The Hain Celestial Group, Inc.; Del Monte Corporation; Dole Food Company, Inc.; KFP International, LTD; The J.M. Smucker Company; Topco Associates, L.L.C.; Trader Joe's Company; Welch Foods, Inc.; The Coca-Cola Company; and Mott's Inc.

-2-

on pretrial motions, as well as provide for streamlined discovery.

The District of Massachusetts is an appropriate transferee district. The responding parties argue, and we agree, that this district is the most conveniently located to the headquarters of the various defendants and, therefore, the location of relevant documents and witnesses. Moreover, Judge Michael Ponsor is an experienced jurist who can steer this litigation ably.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Michael Ponsor for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_Kathryn H. Vratil_
Kathryn H. Vratil
Acting Chair

David R. Hansen      W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Barbara S. Jones
Paul J. Barbadoro

---

**FILED**
United States District Court
Denver, Colorado

**APRIL 19, 2011**

GREGORY C. LANGHAM, CLERK
by s/Sandra Hartmann, Deputy Clerk

I hereby certify on 4-19-11 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 4-19-11
☐ original filed in my office on ___
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk

IN RE: LEAD CONTAMINATED FRUIT JUICE PRODUCTS
MARKETING AND SALES PRACTICES LITIGATION          MDL No. 2231

## SCHEDULE A

### Central District of California

Nicole Crawford v. The Hain Celestial Group Inc., et al., C.A. No. 2:10-09900

### Southern District of California

Jasmine Bean-Walton v. Gerber Products Company, C.A. No. 3:10-02430

### District of Colorado

Suzanne Kennedy v. The Coca-Cola Company, et al., C.A. No. 1:10-01623

### Southern District of Florida

Karen Poulis v. Gerber Products Company, et al., C.A. No. 9:10-81475

### District of Massachusetts

Lydia Littlefield v. Del Monte Corporation, et al., C.A. No. 3:10-12200